THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| BHYS SALES INC., and PHL COMMERCE, LLC, | : <br> : <br> : |
| Plaintiffs, | : Civil Action No.1:19-cv-11397 (VM) <br> : |
| v. | : <br> : |
| P&R PACKAGING AND REFURBISHING CORPORATION; EDWARD PALOMO; RAPHAEL BADOUCH; 123 DEALS FROM A to Z LLC; JUAN ROYAL; and R1 INTERNATIONAL, LLC, | : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : |
| And | : <br> : |
| 123 DEALS FROM A TO Z LLC, | : <br> : |
| Cross-Claimant, | : <br> : |
| v. | : <br> : |
| P&R PACKAGING AND REFURBISHING CORPORATION; EDWARD PALOMO; JUAN ROYAL; and R1 INTERNATIONAL, LLC, | : <br> : <br> : <br> : |
| Cross-Defendants | : <br> : |
| And | : <br> : |
| 123 DEALS FROM A TO Z LLC, | : **ANSWER, CROSSCLAIMS AND** <br> : **THIRD-PARTY COMPLAINT** |
| Defendants/Third-Party Plaintiff | : <br> : |
| v. | : <br> : |
| MAS MANAGEMENT, INC., and BERGEN WHOLESALERS, LLC, | : <br> : <br> : |
| Third-Party Defendants. | : |

_____

Defendants, Raphael Badouch and 123 Deals from A to Z, by and through their attorneys, The Brown Law Firm, for their Answer to the Plaintiffs' Complaint, respectfully allege as follows:

## SUMMARY

1. Deny as to these defendants; deny knowledge or information sufficient to form a belief as to the truth of the allegations as to the remaining defendants.

## PARTIES, JURISDICTION AND VENUE

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

6. Admit as to Defendant Raphael Badouch's residence in New Jersey; denied as to remaining allegations asserted.

7. Admit as to Defendant 123 Deals from A to Z, LLC's formation in New Jersey; denied as to remaining allegations asserted.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

10. This paragraph sets forth legal conclusions and questions of law to which no

response is required.

11. This paragraph sets forth legal conclusions and questions of law to which no response is required.

## FACTUAL BACKGROUND

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

16. Deny as to these defendants' offer of products for sale on a public forum of any sort; deny as to the Defendant Badouch's individual involvement in any aspect of the allegations; admit as to Defendant 123 Deals' sale of product to the Plaintiff PHL, bearing Trident lot #442908; deny as to remainder of allegations.

17. Deny the allegations set forth in this paragraph.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

28. Deny as to the allegations set forth as to these defendants; deny knowledge or information sufficient to form a belief as to the truth of the allegations as to the remaining defendants.

29. Admit as to these defendants' receipt of a demand letter; deny as to the truth of the content thereof; deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

## **FIRST CAUSE OF ACTION**

## **LANHAM ACT- 15 U.S.C. 1125(a)**

## **FALSE ADVERTISING AND FALSE DESIGNATION OF ORIGIN, DESCRIPTION AND REPRESENTATION**

## **(BHYS v. P&R and Palomo)**

30. These defendants repeat and reallege each and every allegation set forth above as if fully set forth herein.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

## SECOND CAUSE OF ACTION

## BREACH OF CONTRACT

## (BHYS v. P&R and Palomo)

38. These defendants repeat and reallege each and every allegation set forth above as if fully set forth herein.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

## THIRD CAUSE OF ACTION

## LANHAM ACT- 15 U.S.C. 1125(a)

## FALSE ADVERTISING AND FALSE DESIGNATION OF ORIGIN, DESCRIPTION AND REPRESENTATION

### (PHL v. 123 Deals and Badouch)

46. These defendants repeat and reallege each and every allegation set forth above as if fully set forth herein.

47. Deny as to the allegations set forth in this paragraph.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

49. Deny as to the allegations set forth in this paragraph.

50. Admit as to payment made to Defendant 123 Deals; deny as to the Defendant Badouch's individual involvement in this matter; deny as to remainder of allegations set forth in this paragraph.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in the first sentence of this paragraph; deny as to the remainder of the allegations asserted in this paragraph.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

## FOURTH CAUSE OF ACTION

## BREACH OF CONTRACT

### (PHL v. 123 Deals and Badouch)

57. These defendants repeat and reallege each and every allegation set forth above as if fully set forth herein.

58. Deny as to Defendant's Badouch's individual involvement in this matter; admit as to Defendant's 123 Deals offer for sale of the products.

59. Admit as to Plaintiff, PHL's acceptance of the offer.

60. Admit as to Plaintiff, PHL's payment of the agreed upon purchase price to Defendant 123 Deals; deny as Defendant Badouch's individual involvement in this matter.

61. Deny as to the allegations set forth in this paragraph.

62. Deny as to the allegations set forth in this paragraph.

63. Deny as to the allegations set forth in this paragraph.

64. Deny as to the allegations set forth in this paragraph.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

## **FIFTH CAUSE OF ACTION**

## **LANHAM ACT- 15 U.S.C. 1125(a)**

## **FALSE ADVERTISING AND FALSE DESIGNATION OF ORIGIN, DESCRIPTION AND REPRESENTATION**

## **(PHL v. R1 International and Royal)**

66. These defendants repeat and reallege each and every allegation set forth above as if fully set forth herein.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

70. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

71. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

72. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

73. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

74. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

75. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

76. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

## SIXTH CAUSE OF ACTION

## BREACH OF CONTRACT

## (PHL v. R1 International and Royal)

77. These defendants repeat and reallege each and every allegation set forth above as if fully set forth herein.

78. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

79. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

80. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

81. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

82. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

83. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

84. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

85. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted.

## JURY DEMAND

86. These Defendants agree with Plaintiff's demand for a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

The remainder of the Amended Complaint constitutes Plaintiff's request for relief to which no responsive pleading is necessary.  To the extent a responsive pleading is required, Defendant denies that Plaintiff is entitled to the relief sought.

All allegations that have not been specifically admitted are hereby denied.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiffs lack personal jurisdiction over these Defendants, as they do not regularly conduct business in New York.  Further, the sale of the subject product was arranged in New Jersey and delivery occurred in New Jersey.  These Defendants do not waive the defense of personal jurisdiction in this matter.

## SECOND AFFIRMATIVE DEFENSE

These Defendants did not 'advertise' the subject products for sale in accordance with the definition set forth in the Lanham Act, 15 U.S.C. 1125(a).

## THIRD AFFIRMATIVE DEFENSE

The product sold by these defendants was not counterfeit.  As such, any claims against these Defendants that are based upon the counterfeit nature of the product, *ie*; deceptive business practice and breach of contract, must and therefore do fail.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs lack standing to pursue a claim under the Lanham Act, 15 U.S.C. 1125(a) based upon the allegations set forth in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Defendant, Badouch, had no individual involvement relative to the subject matter set forth in this Complaint, and as such cannot be held responsible for allegations therein.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to exemplary or punitive damages, based upon the allegations set forth in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

Any injuries alleged to have been sustained resulted from the Plaintiffs' and/or third parties' own culpable or negligent conduct and were not the proximate result of any act of these defendants.

## EIGHTH AFFIRMATIVE DEFENSE

At all times relevant to the acts alleged in the Complaint, these defendants, their agents and officials acted reasonably, properly, lawfully, and in good faith.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to relief, attorney's fees or costs.

## TENTH AFFIRMATIVE DEFENSE

There is no subject matter jurisdiction as to the claims asserted against these Defendants; there is no diversity jurisdiction and the amount in controversy does not exceed $75,000.00.

## CROSS-CLAIM BY DEFENDANTS, RAPHAEL BADOUCH AND 123 DEALS FROM A TO Z, LLC, AGAINST REMAINING DEFENDANTS

1. Cross-Claimants, Raphael Badouch and 123 Deals From A to Z, LLC, have specifically denied all allegations against them by Plaintiffs, BHYS Sales, Inc. and PHL Commerce, LLC.

2. If any or both of Cross-Claimants are found liable to any or both of the Plaintiffs, either through judgment, settlement or otherwise, then the Cross Claimaint(s)' liability is caused by the acts of the remaining Defendants: P&R Packaging and Refurbishing Corporation, Edward Palomo, Juan Royal and R1 International, LLC.

3. Cross-Claimants are therefore entitled to contribution and indemnification from the remaining aforementioned Defendants, for all sums which they pay or are adjudged liable to pay, through settlement, judgement or otherwise.

**WHEREFORE,** Cross-Claimants, Raphael Badouch and 123 Deals From A to Z, LLC, demand judgment for indemnity and/or contribution from Defendants P&R Packaging and Refurbishing Corporation, Edward Palomo, Juan Royal and R1 International, LLC.

## THIRD PARTY COMPLAINT

Third- Party Plaintiff, 123 Deals from A to Z, LLC ("123 Deals"), as and for its Third-Party Complaint against Third-Party Defendants, MAS Management, Inc. and Bergen Wholesalers, LLC:

1. Third-Party Defendant, MAS Management, Inc. is a lawful corporation of the State of Pennsylvania, with an address of 110 Byberry Road., apt A6, Philadelphia, PA 19116. Upon information and belief, this defendant regularly conducts business in New York.

2. Third-Party Defendant, Bergen Wholesalers, LLC, is a lawful limited liability company of the State of New Jersey, with an address of 90 Dayton Avenue, Passaic, NJ 07055.  Upon information and belief, this defendant regularly conducts business in New York.

3. Third-Party Defendants offered for sale, in interstate commerce, vitamin supplements known as Pure Alaska Omega 3 Wild Alaskan Salmon Oil ("Product").

4. Third- Party Defendants advertised the Product as genuine Pure Alaska Omega 3 Wild Alaskan Salmon Oil.

5. On or about March 26, 2019 and on April 1, 2019, 123 Deals the Product from Third-Party Defendant, MAS Management, Inc.

6. Upon information and belief, Third-Party Defendant, Bergen Wholesalers, LLC, was the supplier of the product to Third-Party Defendant, MAS Management, Inc.

7. In the event that the product is deemed counterfeit, then Third-Party Defendant MAS Management, Inc. has not delivered the goods it promised to deliver, to 123 Deals.

8. In the event that the product is deemed counterfeit, then Third-Party Defendant Bergen Wholesale, LLC has not delivered the goods it promised to deliver, to Third-Party Defendant MAS Management, Inc., for which 123 Deals was a foreseeable third-party beneficiary.

9. The aforementioned acts constitute a breach of contract by Third-Party Defendants.

10. The aforementioned acts constitute a violation of the Lanham Act, 15 USC 1125(a) by Third-Party Defendants.

**WHEREFORE,** Third-Party Plaintiffs, Raphael Badouch and 123 Deals From A to Z, LLC, demand judgment from Third Party-Defendants, MAS Management, Inc. and Bergen Wholesalers, LLC, for all sums which Third-Party Plaintiffs pay or are adjudged liable to pay,

through settlement, judgement or otherwise; as well as attorneys' fees incurred in defending this matter; as well as any or all relief that the Court deems appropriate.

**Dated: February 6, 2020**                              **THE BROWN LAW FIRM**

                                         **By:**   /s/ Samuel Z. Brown
                                                          **Samuel Z. Brown**
                                                          **Attorney Bar Code:  SB1997**
                                                          **1734 46th Street**
                                                          **Brooklyn, New York 11204**
                                                          **Telephone: (732) 370-3000**
                                                          **Facsimile:  (732) 370-2100**
                                                          *Attorney for Defendants 123 Deals from A*
                                                          *to Z LLC and Raphael Badouch*