USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/23/2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
BHYS SALES INC. et al.,                :
                                       :
                    Plaintiffs,        :     19 Civ. 11397
                                       :
      - against -                      :     **ORDER**
                                       :
P & R PACKAGING AND REFURBISHING       :
CORP. et al.,                          :
                                       :
                    Defendants.        :
------------------------------------X
**VICTOR MARRERO, United States District Judge.**

    Plaintiffs BHYS Sales Inc. and PHL Commerce LLC ("Plaintiffs") bring this action against defendants P & R Packaging and Refurbishing Corporation, Edward Palomo, Raphael Badouch, 123 Deals from A to Z LLC, Juan Royal, and R1 International, LLC (collectively, "Defendants"), alleging that Defendants sold Plaintiffs thousands of bottles of counterfeit salmon oil supplements.

    Now before the Court is Plaintiffs' request, pursuant to Rule 26 of the Federal Rules of Civil Procedure ("Rule 26"), for leave to issue third-party subpoenas to Amazon.com, Inc. ("Amazon") prior to a Rule 26(f) conference. (See "March 19 Letter," Dkt. No. 41.) Plaintiffs explain that the allegedly counterfeit items have been impounded by Amazon and will likely be destroyed under Amazon policy, depriving both Plaintiffs and Defendants of critical evidence. According to Plaintiffs, Amazon possesses records of plaintiff PHL

Commerce LLC's seller's account and information necessary to calculate damages, including sales figures and costs that Plaintiffs incurred for storage, shipping, and returns. Plaintiffs assert that these records may be routinely deleted by Amazon.

The March 19 Letter has been entered into the public record of this action, and Plaintiffs have endeavored to provide notice of the letter to the Defendants by email. See March 19 Letter at 2. Defendants have not objected to Plaintiffs' request.

Rule 26(d)(1) generally prevents parties from seeking "discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). However, the Federal Rules permit litigants to engage in discovery before such a conference when authorized by a court order. Id. In this district, courts apply "a flexible standard of reasonableness and good cause in determining whether to grant a party's expedited discovery request." Strike 3 Holdings, LLC v. Doe, No. 19 Civ. 11466, 2020 WL 264584, at *2 (S.D.N.Y. Jan. 17, 2020) (quotations and citations omitted).

The Court is persuaded that expedited discovery is warranted because the impounded items and records may be destroyed as part of standard Amazon practice. Plaintiffs do not appear to have an alternative means of obtaining this

critical evidence. Under these circumstances, the Court finds that Plaintiffs have established good cause to issue third-party subpoenas to Amazon.

Accordingly, it is hereby

**ORDERED** that Plaintiffs BHYS Sales Inc. and PHL Commerce LLC may immediately serve third-party discovery requests on Amazon.com, Inc. regarding the allegedly counterfeit items, plaintiff PHL Commerce LLC's seller's account, and records related to damages.

**SO ORDERED:**

Dated:   New York, New York
         23 April 2020

Victor Marrero
U.S.D.J.