**BROWN**        THE BROWN LAW FIRM        450 WEST KENNEDY BLVD        P: 732.370.3000
                                          LAKEWOOD, NJ 08701           F: 732.370.2100

                 Samuel Zev Brown         www.sambrownlaw.com           NJ.PA.NY
                 sam@sambrownlaw.com
                 Admitted in NJ, PA & NY

July 8, 2022

*Via ECF*
The Honorable Victor Marrero, U.S.D.J.
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

  Re: **BHYS Sales, Inc. v. P&R Packaging, et als.**
     **Civil Action No.: 1:19-cv-11397 (VM) (JW)**

Dear Judge Marrero:

  The undersigned represents Defendants Raphael Badouch and 123 Deals from A to Z LLC in the above-referenced matter. Please accept this letter as a status update pursuant to Your Honor's Order dated June 29, 2022 (ECF No. 76).

  It is Defendants' position that the instant matter is ripe for summary judgment determination, as the discovery period has concluded and Plaintiffs have failed to produce evidence sufficient to establish the existence of a genuine dispute of fact regarding the essential elements of their claims. In accordance with Your Honor's Individual Practices, § II.A, I have sent a letter to Plaintiffs' counsel requesting that Plaintiffs voluntarily dismiss all claims against Defendants. A copy of said letter to Plaintiffs' counsel is attached hereto.

  If Plaintiffs refuse to dismiss their claims voluntarily, or do not otherwise respond, by the close of business on Monday, July 11, 2022, Defendants will then promptly alert the Court and file a request seeking a pre-motion conference regarding Defendants' proposed motion for summary judgment. Defendants respectfully submit that the Court should permit the filing of the proposed summary judgment motion, as, depending upon its result, said motion could render a trial in this matter unnecessary, thereby saving the Court and the parties significant time and expense. Furthermore, the parties had always contemplated the filing of summary judgment motions. See, e.g., the June 11, 2020 Civil Case Management Plan and Scheduling Order, ECF No. 48, ¶ 8, noting that the parties anticipate moving for summary judgment and the November 17, 2020 Civil Case Management Plan and Scheduling Order, EF No. 55, ¶ 8, also setting forth that summary judgment motions are anticipated. Depending upon the outcome of Defendants' motion for summary judgment, trial in this matter may be unnecessary.

  For the Court's information, Defendants respectfully set forth the following as the basis for Defendants' proposed summary judgment motion.

By way of factual and procedural background, Plaintiffs have asserted claims against Defendant for false advertising under the Lanham Act and for breach of contract. See Plaintiffs' Complaint, ECF No. 1, ¶¶ 46-67. In or about May of 2019, Plaintiffs purchased bottles of certain fish oil supplements from Defendants (and co-defendants, who have not entered appearances in this matter). The supplements bore the trade dress of the manufacturer known as Trident Seafoods Corporation. The Plaintiffs intended to re-sell the fish oil supplements on Amazon. Plaintiffs allege in their complaint that, in or about June/July of 2019, the manufacturer Trident filed a complaint with Amazon against Plaintiffs, claiming that the supplements Plaintiffs were selling were "inauthentic". As a result, Plaintiffs claim that they lost their ability to sell any products on Amazon. See Plaintiff's Complaint, ECF No. 1, ¶¶ 12-24. Based on these allegations, Plaintiffs filed Lanham Act and breach of contract claims against Defendants, as well as several non-appearing co-defendants who also sold Trident fish oil supplements to Plaintiffs.

The discovery period in this matter closed on August 25, 2021. See the Court's Order dated June 23, 2021, ECF No. 62. Plaintiffs have not produced any evidence that Plaintiffs received any allegedly "inauthentic" supplements from <u>Defendants</u> (as opposed to the co-defendants or another source) or whether Plaintiffs were actually damaged by any alleged conduct by Defendants.

In light of the foregoing evidentiary deficiencies, it is apparent that Plaintiffs cannot prevail on either of their claims and that summary judgment is warranted. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986) (holding that summary judgment is appropriate where, after adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, as to which that party would bear the burden of proof at trial).

As to Plaintiffs' Lanham Act false advertising claim, in order to prevail, "a plaintiff must establish that the challenged message is (1) either literally or impliedly false, (2) material, (3) placed in interstate commerce, and (4) the cause of actual or likely injury to the plaintiff." <u>Church & Dwight Co. v. SPD Swiss Precision Diagnostics, GmBH</u>, 843 F.3d 48, 65 (2d Cir. 2016). Plaintiffs have failed to provide evidence that would even arguably satisfy elements 1 and 4 of this claim. At the time this cause of action arose, Plaintiffs were in the business of selling on the Amazon marketplace. They purchased multiple shipments of fish oil supplements from at least three wholesalers. The Defendants were one of the three wholesalers, along with the non-answering co-defendants. With respect to element 1, Plaintiffs have failed to demonstrate that it was Defendants (as opposed to one of the co-defendants or another entity) that sold the allegedly "inauthentic" supplements; in fact, they have failed to demonstrate that the supplements in question were "inauthentic" altogether. With respect to element 4, Plaintiffs have failed to demonstrate the existence of any alleged damages that were proximately caused by Defendants.

Plaintiffs' breach of contract claim is similarly unsupported. The elements of a breach of contract claim are that a plaintiff must show: (1) the existence of a valid and enforceable contract containing both definite and certain terms, (2) performance by plaintiff, (3) breach by defendant and (4) resultant injury to plaintiff. <u>U.S. Nonwovens Corp. v. Pack Line Corp.</u>, 48 Misc. 3d 211, 215, 4 N.Y.S.3d 868, 871–72 (N.Y. Sup. 2015). Plaintiffs have not provided evidence sufficient to even arguably satisfy elements 3 and 4 of this claim. Specifically, Plaintiffs have failed to

demonstrate that the items received from Defendants were not the items requested, nor have Plaintiffs produced proof of any resultant injury caused by the conduct of Defendants.

      In light of the factual record in this matter, there is no genuine dispute that Plaintiffs lack sufficient evidence to satisfy the essential elements of their claims against Defendants. As noted above, if Plaintiffs do not voluntarily withdraw their claims by Monday, July 11, 2022, or otherwise respond to Defendants' demand, Defendants will promptly file a formal request with the Court for the holding of a pre-motion conference regarding Defendants' proposed motion for summary judgment.

      Thank you for the Court's consideration in this matter.

Respectfully submitted,

/s Samuel Z. Brown
SAMUEL Z. BROWN, ESQ.

Cc:    Adam E. Engel, Esq. (via ECF)