**BROWN**  THE BROWN LAW FIRM    450 WEST KENNEDY BLVD    P: 732.370.3000
　　　　　　　　　　　　　　　　　　LAKEWOOD, NJ 08701　　　　　F: 732.370.2100

Samuel Zev Brown　　　　www.sambrownlaw.com　　NJ.PA.NY
sam@sambrownlaw.com
Admitted in NJ, PA & NY

July 8, 2022

*Via Email: aee@elgpllc.com*
Adam E. Engel, Esq.
The Engel Law Group, PLLC
280 Madison Avenue, Suite 705
New York, NY 10016

　　　Re:　**BHYS Sales, Inc. v. P&R Packaging, et als.**
　　　　　　**Civil Action No.: 1:19-cv-11397 (VM) (JW)**

Dear Mr. Engel:

　　　As you are aware, the undersigned represents Defendants Raphael Badouch and 123 Deals from A to Z LLC in the above-referenced matter. Please accept this letter as good faith communication on behalf of Defendants in an effort to voluntarily resolve Plaintiffs' claims pursuant to the Individual Practices of the Honorable Victor Marrero, U.S.D.J., § II.A.

　　　It is Defendants' position that the instant matter is ripe for summary judgment determination, as the discovery period has concluded and Plaintiffs have failed to produce evidence sufficient to establish the existence of a genuine dispute of fact regarding the essential elements of their claims. Accordingly, Defendants hereby demand that Plaintiffs voluntarily dismiss all claims against them. If Plaintiffs refuse to dismiss all claims, or to otherwise respond to this correspondence, by **Monday, July 11, 2022**, Defendants will submit a letter to the Court requesting the scheduling of a pre-motion conference regarding Defendants' proposed motion for summary judgment, pursuant to Judge Marrero's Individual Practices, § II.A.

　　　The discovery period in this matter closed on August 25, 2021. See the Court's Order dated June 23, 2021, ECF No. 62. Plaintiffs have not produced any evidence that Plaintiffs received any allegedly "inauthentic" supplements from Defendants (as opposed to the co-defendants or another source) or whether Plaintiffs were actually damaged by any alleged conduct by Defendants.

　　　In light of the foregoing evidentiary deficiencies, it is apparent that Plaintiffs cannot prevail on either of their claims (Lanham Act false advertising or breach of contract) against Defendants and that summary judgment is warranted. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (holding that summary judgment is appropriate where, after adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, as to which that party would bear the burden of proof at trial).

As to Plaintiffs' Lanham Act false advertising claim, in order to prevail, "a plaintiff must establish that the challenged message is (1) either literally or impliedly false, (2) material, (3) placed in interstate commerce, and (4) the cause of actual or likely injury to the plaintiff." <u>Church & Dwight Co. v. SPD Swiss Precision Diagnostics, GmBH</u>, 843 F.3d 48, 65 (2d Cir. 2016). Plaintiffs have failed to provide evidence that would even arguably satisfy elements 1 and 4 of this claim. At the time this cause of action arose, Plaintiffs were in the business of selling on the Amazon marketplace. They purchased multiple shipments of fish oil supplements from at least three wholesalers. The Defendants were one of the three wholesalers, along with the non-answering co-defendants. With respect to element 1, Plaintiffs have failed to demonstrate that it was Defendants (as opposed to one of the co-defendants or another entity) that sold the allegedly "inauthentic" supplements; in fact, they have failed to demonstrate that the supplements in question were "inauthentic" altogether. With respect to element 4, Plaintiffs have failed to demonstrate the existence of any alleged damages that were proximately caused by Defendants.

Plaintiffs' breach of contract claim is similarly unsupported. The elements of a breach of contract claim are that a plaintiff must show: (1) the existence of a valid and enforceable contract containing both definite and certain terms, (2) performance by plaintiff, (3) breach by defendant and (4) resultant injury to plaintiff. <u>U.S. Nonwovens Corp. v. Pack Line Corp.</u>, 48 Misc. 3d 211, 215, 4 N.Y.S.3d 868, 871–72 (N.Y. Sup. 2015). Plaintiffs have not provided evidence sufficient to even arguably satisfy elements 3 and 4 of this claim. Specifically, Plaintiffs have failed to demonstrate that the items received from Defendants were not the items requested, nor have Plaintiffs produced proof of any resultant injury caused by the conduct of Defendants.

In light of the factual record in this matter, there is no genuine dispute that Plaintiffs lack sufficient evidence to satisfy the essential elements of their claims against Defendants. As noted above, if Plaintiffs do not voluntarily withdraw their claims by **Monday, July 11, 2022**, or otherwise respond to Defendants' demand, Defendants will promptly file a formal request with the Court for the holding of a pre-motion conference regarding Defendants' proposed motion for summary judgment.

Thank you for your attention in this matter.

Very truly yours,

/s Samuel Z. Brown
SAMUEL Z. BROWN, ESQ.

Cc:   The Honorable Victor Marrero, U.S.D.J. (via ECF)