UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BHYS SALES INC., et al.,

                    Plaintiffs,

    -against-

P & R PACKAGING AND REFURBISHING CORP., et al.,

                    Defendants.

1:19-cv-11397 (JLR) (JW)

**MEMORANDUM OPINION
AND ORDER OF DISMISSAL**

JENNIFER L. ROCHON, United States District Judge:

    On October 18, 2022, the Court ordered Plaintiffs to, by November 8, 2022, show cause why this case should not be dismissed for failure to prosecute. ECF No. 86. Plaintiffs have not made any such filing. For the following reasons, the Court dismisses the case.

    If a plaintiff fails to prosecute its case, the Court may dismiss the case under Federal Rule of Civil Procedure 41(b). *See, e.g.*, *Shannon v. GE*, 186 F.3d 186 (2d Cir. 1999) (affirming Rule 41(b) dismissal for failure to prosecute). In making this determination, courts consider: "(1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions." *Id*. at 193-94.

    Although a "district court is not required to discuss the factors on the record," here, the Court will discuss the factors and how they warrant dismissal. *Id*. First, Plaintiffs' failure to prosecute has caused a significant delay. There has been no docket activity by Plaintiffs in this action since Magistrate Judge Fox found, on December 1, 2021, that discovery had been

completed.  *See* ECF No. 76.  During that time, Plaintiffs have failed to comply and file submissions pursuant to Court orders dated June 29, 2022, July 12, 2022, September 26, 2022, and October 18, 2022.  *See* ECF Nos. 76, 80, 83, 86.

Second, Plaintiffs received notice from the Court on multiple occasions that further delay and non-compliance would result in dismissal.  *See, e.g.*, ECF No. 60, 86.  Third, further delay is likely to prejudice Defendants, which have effectively been blocked by Plaintiffs' lack of prosecution from expeditiously defending this case.  Moreover, Plaintiffs' non-compliance has forced Defendants to separately prepare and file submissions that the Court requested be prepared and submitted by all parties jointly.  *See, e.g.*, ECF No. 85.  And as early as March 11, 2021, Defendants requested this case be dismissed due to Plaintiffs' failure to respond and comply with court-imposed deadlines, and the Court warned Plaintiffs as early as June 16, 2021 that further non-compliance would "risk dismissal of this action."  ECF Nos. 56, 60.

Fourth, by providing Plaintiffs multiple opportunities to respond to Court orders and delaying dismissal, the Court has balanced the need to alleviate court congestion with Plaintiff's right to proceed with their case.  Fifth, no less severe remedy than dismissal would be sufficient, especially because Plaintiffs have been afforded multiple opportunities to remedy their failure – over a prolonged period of time – and yet have continued to neither respond to nor comply with the Court.

Accordingly, because the circumstances of this case are sufficiently extreme, this case is DISMISSED, without prejudice, for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See, e.g.*, *Ruzsa v. Rubenstein & Sendy Att'ys at L.*, 520 F.3d 176 (2d Cir. 2008) (affirming dismissal where the plaintiff failed to respond to the court's notice threatening dismissal for failure to prosecute); *Shannon*, 186 F.3d at 194, 196 (affirming Rule 41(b) dismissal where the plaintiff "failed to prosecute his lawsuit over a prolonged period").

Given that the case has proceeded through completion of discovery, which closed over eleven months ago, and Defendants would be prepared to file a dispositive motion absent Plaintiffs' failure to prosecute, this dismissal will be with prejudice. *See Nolan v. Primagency, Inc.*, 344 F. App'x 693, 693 (2d Cir. 2009) (affirming *sua sponte* dismissal with prejudice where the plaintiff's "failure to respond to court orders was longer than six months"); *Peters v. Dep't of Corr. of N.Y.C.*, 306 F.R.D. 147, 150 (S.D.N.Y. 2015) (dismissing case for failure to prosecute without prejudice, where dismissal would be with prejudice if the case was not resuscitated within 30 days); *Burgess v. Goodman*, No. 18-cv-06584 (VEC), 2019 WL 719199, at *4 (S.D.N.Y. Feb. 20, 2019) (finding "[d]ismissal with prejudice, moreover, is the most appropriate sanction" because the plaintiff became nonresponsive yet 'the case cannot proceed without her participation'" (internal citation omitted)); *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972) (although "[d]ismissal with prejudice is a harsh remedy," the court has "authority to invoke it for lack of prosecution, both on defendant's motion and *sua sponte*").

IT IS HEREBY ORDERED that this case is DISMISSED.  Any pending motions are moot.  All conferences are canceled.  The Clerk of Court is directed to CLOSE the case.

Dated: November 10, 2022
New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge